**UNITED STATES of America**

v.

**Walter v. CROSS, Jules C. Melograne
and Nunzio Melograne,
Defendants.**

**Crim. No. 94–233.**

United States District Court,
W.D. Pennsylvania.

· Oct. 11, 1995.

U.S. Attorney's Office, Leo M. Dillon, Pittsburgh, PA, for the Government.

Swensen, Perer & Johnson, J. Alan Johnson, Pittsburgh, PA, for Jules Melograne.

Ogg, Jones, Desimone & Ignelzi, Philip A. Ignelzi, Pittsburgh, PA, for Walter V. Cross.

Kevin G. Sasinoski, Pittsburgh, PA, for Nunzio Melograne.

## OPINION AND ORDER OF COURT

AMBROSE, District Judge.

█ Pending before the Court are several pre-trial motions filed by the Defendants. The first of these motions is Defendants' Motion for Additional Discovery in the Nature of a Request for Government Survey of Non–Institution, Reductions, and/or Dismissals (Docket #: 34). In this Motion, Defendants request that the Court order the United States Attorney's office to disclose instances in which various law enforcement officials sought or obtained favorable treatment from a state or local agency with regard to summary offenses, traffic citations or other offenses. According to Defendants' argument, such information would support their position that the federal government not only acquiesced in, but fostered and encouraged the actions described in the indictment. Defendants further allege that discovery of this information is necessary for them to raise the possible defenses of estoppel and due process violations.

In support of this request, Defendants cite cases wherein the defendants' reliance upon government actions was raised as a defense to alleged criminal activity. After careful consideration of this argument and those cases, I find that there is no basis for granting Defendants' request. The equitable estoppel argument, and cases cited in support, are based on claims by Defendants that they relied on acts and representations made by federal law enforcement officials that the *overt acts set forth in the indictment* were legal.

In *U.S. v. Clegg*, 846 F.2d 1221 (9th Cir. 1988), defendant was charged with exporting firearms in violation of two federal statutes. Defendant sought discovery of certain confidential information of his alleged activities which was in the possession of the government. When the government refused to hand over the information, claiming that the information sought was not material to any valid defense, the district court ruled that the classified information was material and discoverable. Essentially, the classified information revealed that a Lieutenant Colonel of the U.S. Army had solicited defendant to smuggle weapons to Afghan rebels resisting Soviet occupation of their country. The information also verified that the Lt. Colonel had offered to put the defendant in contact with the rebels; helped defendant plan a secret arms shipment; and supplied defendant with arms for resale to the rebels. The information further disclosed that an Army Colonel knew of defendant's activities and sold him ammunition knowing that it would be sold to the rebels. Finally, there was information that other government officials knew of defendant's activities and assisted him in shipping arms.

In *United States v. Tallmadge*, 829 F.2d 767 (9th Cir.1987), defendant was charged with being a convicted felon and possessing a

firearm. Defendant's valid defense of estoppel was based on his disclosure of his conviction to a licensed firearms dealer who incorrectly told defendant he could purchase a firearm because his felony charge had been reduced to a misdemeanor.

Also, in *United States v. Pennsylvania Industrial Chemical Corp.*, 411 U.S. 655, 93 S.Ct. 1804, 36 L.Ed.2d 567 (1973), defendant was charged with discharging waste into a waterway without a permit during August 1970. Defendant intended to defend on the basis that the Army Corps of Engineers had no formal program for issuing permits until December 1970, thereby affirmatively misleading defendant into believing that a permit was not required. The Supreme Court ultimately concluded that defendant should have been permitted to present evidence to establish this estoppel defense.

These cases and the context of when an estoppel defense is relevant present factual situations distinguishable from the instant case. In the first instance, the above-referenced cases and those cited by Defendants contain factual situations wherein the defendants raised the defense as an estoppel *to the crimes charged in the indictments.* Here, there is no allegation that any act or representation of any law enforcement official or government agent was relied on by the Defendants to the extent that Defendants believed a conspiracy to commit mail fraud or to deprive individuals of their civil rights was a legal act. Secondly, the Defendants seek to discover all requests and receipts of non-institution, reductions and/or dismissals sought by federal law enforcement officers from the District Attorney's office, any district justice, or any judge of Allegheny County or any local, city, county or state law enforcement agency for any person. Further, Defendants seek to discover the extent to which parking tickets received by federal law enforcement officials have been reduced, discharged, dismissed or otherwise favorably disposed of by a local government agency. However, Defendants fail to explain how such information is relevant to an estoppel defense. Defendants have understandably not contended that they relied on the actions of any government agent with respect to

favorable dispositions of summary offenses in concluding that the conspiracies charged were legal acts.

Although Defendants also rely on *Brady v. Maryland,* 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963) in support of this request, the material sought clearly is not exculpatory to Defendants and *Brady* does not apply.

The Defendants have also filed a Motion to Dismiss Count II of the Indictment (Docket #: 36). Count II essentially alleges a conspiracy to deprive certain statutory appeal litigants of their civil rights. Defendants argue that since the Government's allegations are that Defendants *attempted* to fix cases, rather than that Defendants actually fixed cases, such allegations do not encompass a clearly established constitutional right. Defendants formulate the issue by asking the Court whether due process requires that there be no *ex parte* communications between a judge and his law clerks and/or deputies concerning cases before the court.

Defendants' argument, however, misses the point of a criminal charge alleging a conspiracy. As the Government notes on page 12 of its Response, "(i)t is the corrupt motive which distinguishes Defendants' activities from the judge—law clerk example...." What the Government has alleged in the Indictment is not simply that the judge and/or his clerks and deputies had *ex parte* communications about cases, but rather that the three Defendants by doing so conspired to deprive certain statutory appeal litigants of their right to a fair and impartial tribunal.

The right to a fair and impartial tribunal is clearly encompassed in the due process clause. *See Sill v. Pennsylvania State University,* 462 F.2d 463, 469 (3d Cir. 1972). The constitutional right at issue when a Defendant has been charged with violating 18 U.S.C. § 241 is the right to a fair and impartial tribunal, which the illegal conspiracy is alleged to have conspired to deny to certain litigants. To accept Defendants' position under the charges alleged in the Indictment would mean that Defendants could not be tried for the alleged unlawful and criminal agreement unless the agreement was one hundred percent (100%) successful and no litigant of the twenty-eight (28) in-

volved in Count II had appeared before an impartial tribunal. However, such a result is not necessary when the charge alleges a conspiracy. The essential element of a conspiracy is proof of an unlawful agreement. Under § 241, there must be proof of an unlawful agreement to deprive certain litigants of a constitutional right. The charges in the Indictment, if proven beyond a reasonable doubt by the Government's evidence, are sufficient to support a conviction under 18 U.S.C. § 241. The Defendants' Motion to Dismiss Count II must therefore be denied.

■ Defendant's next motion is a Motion to Strike or Limit Overt Acts Charged in Counts I and II (Docket #: 38), pursuant to discretion vested in district courts under Rules 403 and 611(a). The Defendants argue that to allow the Government to present evidence on four hundred seventy-two (472) alleged overt acts would be voluminous, cumulative and would result in undue delay and a waste of judicial resources. The Government has responded by stating that its evidence will not be cumulative, each overt act relating to a separate act by one or more of the Defendants, and that the manner of presentation of that evidence will be accomplished without undue delay. At this time it appears that the Defendants' position is not well taken. Clearly, the four hundred seventy-two (472) overt acts involve four hundred seventy-two (472) separate incidents, evidence on any of which it appears premature to exclude at this time. Furthermore, based on facts alleged in the Indictment, it does not appear that a pre-trial *in limine* hearing is necessary to determine whether overt acts alleged should be stricken or limited.

Defendants next move, pursuant to Rule 12(d)(2), to require the Government to give Defendants Notice of its intention to use evidence in its case in chief to which Defendants are entitled under Rule 16. Defendants want to know which of the four hundred seventy-two (472) alleged overt acts the Government intends to prove; which tapes relate to the respective four hundred seventy-two (472) acts; which tape recorded conversations the Government will introduce; and what documents, records and transcripts the Government intends to introduce into evidence.

The Government has represented that it has already or will soon be complying with all of Defendant's requests and that, therefore, the Motion should be denied as moot. However, since the Government has represented its compliance with Defendants' demands and since such demands appear to be reasonable and necessary, Defendants' Motion for Notice of Intention to Use Evidence (Docket #: 45) will be granted.

■ Defendants' next move to require the Government to disclose its intention to use similar and related act evidence. The Government responded by stating that the only evidence it intends to introduce is evidence pertaining to Counts III through XII. Since those counts have now been severed from the trial, it appears reasonable to assume that the Government will not be introducing this evidence. In any event, the Defendants' Motion for Notice of Government's Intention to Use Similar and Related Act Evidence (Docket #: 44) should be granted and notice given to Defendants in advance of trial.

Defendants next move to compel disclosure of all exculpatory evidence (Docket #: 48) under *Brady v. State of Maryland,* 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963). The Government concedes that such evidence includes impeachment evidence and evidence of plea agreements or other promises. From their briefs, it does not appear that Defendants and the Government disagree as to what must be disclosed; however, the Government, but not the Defendants, present an argument as to when such evidence must be disclosed. The Government suggests that it be permitted to disclose the impeachment type *Brady* evidence at the same time it discloses *Jencks* material *and* that it will make such material available in sufficient time to avoid undue delays in the trial. While Defendants' Motion for disclosure of *Brady* material will be granted, it is the Court's intention to set a date in advance of trial for such disclosure. The same decision applies to Defendants' Motion for Disclosure of Grants of Immunity, Promises of Leniency and Plea Bargain Agreements (Docket #: 49).

■ Defendants have also filed a Motion for Discovery and Inspection (Docket #: 46) requesting the following:

1. Written records of Defendants' oral statements in response to interrogation by any person Defendants knew to be a government agent;

2. All written or recorded statements made by Defendant either to government agents or third parties, whether or not the government intends to introduce them at trial;

3. Any grand jury testimony concerning statements attributable to Defendants;

4. Any statements that any Defendant has adopted as true;

5. Any statements by any person purportedly authorized by any Defendant to make a statement;

6. Any statement made by any agent of any Defendant during the course of the alleged conspiracy concerning a matter within the scope of the agency, made during the existence of the relationship;

7. Any written proffer by counsel for any witness whom the government reasonably believes will testify at trial, which attributes a statement to any Defendant or any unnamed co-conspirator;

8. Any notes of a government attorney, counsel for a witness, or government agents of an oral proffer provided by counsel for any witness whom the government reasonably believes will testify at trial which attributes any statement to any Defendant or any unnamed co-conspirator; and,

9. Any memoranda of any scientific test made in connection with this investigation.

With regard to these requests, the Government has represented that such materials discoverable under Federal Rule of Criminal Procedure 16 have been provided to Defendants. This, of course, would exclude Defendants' oral statements to third parties and statements of co-conspirators or co-defendants. Although Defendants argue that written statements of individuals who the government does not intend to call as witnesses at trial are discoverable under Rule 16(a)(1)(C) and Rule 16(a)(2), Defendants cite no authority for this position and the language of the Rule does not support Defendants' position. Therefore, Defendants' request for any statements of third parties, grand jury testimony of third parties, Defendants' oral statements to third parties and statements of co-conspirators and/or co-defendants is denied.

Defendants' request for written summary of the testimony of each expert witness it intends to use at trial will be granted under Rule 16(a)(1)(E).

Defendants' request for exculpatory and impeachment material will be granted as will Defendants' request for summary documents the Government intends to use at trial.

However, Defendants' request for a witness list will be denied until such time as the Government is ordered to disclose all *Jencks* materials to the Defendants. *U.S. v. Mitchell,* 540 F.2d 1163, 1166 (3rd Cir.1976).

Defendants have also moved For Early Production of Jencks Act Material Pursuant to 18 U.S.C. § 3500 (Docket #: 41). This Motion is granted and the Government is required to produce *Jencks* material every Friday for witnesses to be called during the following week, beginning Friday, October 13, 1995. Impeachment type *Brady* evidence shall be disclosed by the Government according to the same schedule.

The Defendants have also moved for a Bill of Particulars (Docket #: 40) requesting disclosure of the Government's evidence regarding allegations at paragraphs 6 and 8–21 of Count I and of the specific manner in which overt acts one (1) through four hundred seventy-two (472) were carried out; identification of co-conspirators and their specific acts; and evidence of all specific allegations in the indictment. The Government, in response, has delineated the information already made available to Defendants and contends that the information requested in the Bill of Particulars is unnecessary and inappropriate in this case. After careful consideration, the Court agrees with the Government and the Motion for Bill of Particulars will be denied.

Finally, Defendants have requested Leave to File Additional Pre–Trial Motions (Docket

#: 42). It appears that this Motion, filed on June 26, 1995, is moot, Defendants not having filed additional motions or a request to do so and the trial having been scheduled to begin on October 18, 1995.

### ORDER OF COURT

**AND NOW,** this **11th** day of October, 1995, the following Order is **ENTERED:**

1. Defendants' Motion for Additional Discovery in the Nature of a Request for Government Survey of Non–Institution, Reductions, and/or Dismissals (Docket #: 34) is **DENIED.**

2. Defendants' Motion to Dismiss Count II of the Indictment (Docket #: 36) is **DENIED.**

3. Defendants' Motion to Strike or Limit Overt Acts Charged in Counts I and II (Docket #: 38) is **DENIED.**

4. Defendants' Motion to Require Government to Give Defendants Notice of Intention to Use Evidence (Docket #: 44) is **GRANTED** and the information requested is to be disclosed by the Government to the Defendants on October 16, 1995.

5. Defendants' Motion to Require the Government to Disclose its Intention to Use Similar and Related Act Evidence (Docket #: 45) is **GRANTED** and the information requested is to be disclosed by the Government to the Defendants on October 16, 1995.

6. Defendants' Motion to Compel Disclosure of all Exculpatory Evidence (Docket #: 48) is **GRANTED** and the Government shall produce such material to Defendants each Friday, beginning October 13, 1995, for witnesses to be called during the following week.

7. Defendants' Motion for Disclosure of Grants or Immunity, Promises of Leniency and Plea Bargain Agreements (Docket #: 49) is **GRANTED** and the information requested is to be disclosed by the Government to Defendants on October 16, 1995.

8. Defendants' Motion for Discovery and Inspection (Docket #: 46) is **GRANTED** in part and **DENIED** in part. The Denial relates to Defendants' statements to third parties, statements of co-conspirators and/or co-defendants, statements of third parties and grand jury testimony of third parties.

9. Defendants' Motion for Expert Witness Testimony (Docket #: 47) is **GRANTED** and the information requested is to be disclosed by the Government to the Defendants on October 16, 1995.

10. Defendants' Motion for Witness List (Docket #: 50) is **DENIED.**

11. Defendants' Motion for Early Production of Jencks Act Material (Docket #: 41) is **GRANTED** and the Government shall produce such material to Defendants each Friday, beginning October 13, 1995, for witnesses to be called during the following week.

12. Defendants' Motion for Bill of Particulars (Docket #: 40) is **DENIED.**

13. Defendants' Motion for Leave to File Additional Pretrial Motions (Docket #: 42) is **DENIED** as moot.

It is further **ORDERED** that jury selection in the above-captioned matter is scheduled to begin on Wednesday, October, 18, 1995, at 9:30 A.M. before the undersigned.